**Rahim R. CALDWELL, Appellant**

v.

**PLEASANTVILLE MUNICIPAL COURT, PLEASANTVILLE**

Rahim R. Caldwell, Appellant

v.

**Vineland Municipal Court; City of Vineland**

Rahim R. Caldwell, Appellant

v.

**Vineland Municipal Court; City of Vineland**

Rahim R. Caldwell, Appellant

v.

**Cumberland County Sherrifs Department; Cumberland County; Vineland Police Department; City of Vineland**

Rahim R. Caldwell, Appellant

v.

**Hamilton Township Municipal Court Atlantic County; Township of Hamilton**

Rahim R. Caldwell, Appellant

v.

**Vineland Municipal Court; City of Vineland**

**Rahim R. Caldwell, Appellant**

v.

**Vineland Municipal Court; City of Vineland.**

Nos. 08–2342, 08–2343, 08–2344, 08–2345, 08–2346, 08–2347, 008–2348.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 25, 2008.

Opinion filed April 21, 2009.

Rahim R. Caldwell, Forked River, NJ, pro se.

Before: McKEE, RENDELL and SMITH, Circuit Judges.

OPINION

PER CURIAM.

Rahim Caldwell appeals the District Court's order dismissing his seven civil rights complaints. The details of Caldwell's claims are set forth verbatim in the District Court's opinion and need not be discussed at length. Briefly, in Nos. 08–2342, 08–2343, 08–2344, 08–2346, 08–2347, and 08–2348, Caldwell alleged that several municipalities and municipal courts violated his rights under the Eighth Amendment by setting bail in amounts that were higher than that allowed under state law and his rights under the Fourth Amendment by issuing warrants without probable cause. In No. 08–2345, Caldwell alleged that the police and sheriff's departments illegally searched a location not listed on a

warrant and seized him. The District Court dismissed the complaints before service for failure to state a claim, and Caldwell filed timely notices of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's *sua sponte* dismissal of the complaints for failure to state a claim. *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir.2000). The District Court was correct that a municipality or local government unit cannot be held liable under 42 U.S.C. § 1983 solely because it employs a tortfeasor unless the violation was caused by an official policy or custom. *Monell v. Dep't of Soc. Serv. of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).[1] However, a plaintiff whose complaint is subject to dismissal under 28 U.S.C. § 1915 should be given an opportunity to file an amended complaint unless it would be futile or inequitable to do so. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 110–11 (3d Cir.2002). The District Court did not give Caldwell an opportunity to amend, and we cannot conclude that it would be inequitable or futile to allow Caldwell to amend his complaints.

Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, we will summarily vacate the District Court's orders and remand the matters to the District Court. *See* Third Circuit I.O.P. 10.6. On remand, the District Court shall allow Caldwell the opportunity to amend his complaints.

---

1. The record as it now stands is not developed enough for an analysis of whether the Municipal Courts, the Cumberland County Sheriff's Department, and the Vineland Police Department are state or municipal agencies for the purposes of § 1983.